# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DARROW B. PAYNE-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number: 2:13-cv-02021-AKK-JHE |
| | ) |
| CLINTON M. WALKER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On September 10, 2014, the magistrate judge entered a report and recommendation recommending dismissal all of the plaintiff's claims, except for the Fourteenth Amendment access to courts claim against Defendant Clinton Walker, for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Doc. 10. The magistrate judge further recommended that the plaintiff's Fourteenth Amendment access to courts claim against Defendant Walker be referred back to him for further proceedings. *Id*. On September 22, 2014, the plaintiff filed objections to the magistrate judge's report and recommendation. Doc. 12.

To the extent the plaintiff restates his claims that Defendant Walker harassed and threatened him, dismissal of these claims is warranted because threats and verbal

harassment alone are insufficient to state a constitutional violation.[1] *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (explaining that mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights). Likewise, as to plaintiff's contention that Defendant Clinton violated various Alabama Department of Corrections policies by threatening and harassing him, doc. 12 at 2-3, dismissal is warranted because the violation of agency regulations or procedures does not, by itself, raise a constitutional issue. *Sandin v. Connor*, 515 U.S. 472, 481-82 (1995) (explaining prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *United States v. Caceres*, 440 U.S. 741 (1979).

Finally, although the magistrate judge liberally construed the plaintiff's amended complaint to allege that, on January 4, 5, and 8, 2014, Defendant Walker refused him access to the prison law library resulting in the plaintiff's inability to file a writ of mandamus, doc. 10 at 5, the plaintiff states in his objections that Defendant Walker refused him access to the prison law library on many other occasions,

---

[1] The magistrate judge recommended the plaintiff's claims occurring between March 1, 2010 and August 2, 2011, be dismissed as untimely under the applicable statute of limitations. Doc. 10 at 3-4. In his objections, the plaintiff requests the court "acknowledge" Defendant Walker also harassed him on June 17 and September 8, 2012. Doc. 12 at 3. Even if the plaintiff's allegations of harassment are timely, they do not state a constitutional violation and are due to be dismissed for reasons explained in the report and recommendation. Doc. 10 at 4.

including June 17 and September 8, 2012. Doc. 12 at 3. To prevail on an access to courts claim, an inmate must establish that "his efforts to pursue a legal claim" were "hindered." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The plaintiff does not allege any such prejudice as a result of Defendant Walker's conduct on any other occasion and, therefore, does not state a claim for relief based on these additional dates.[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that all of the plaintiff's claims except his Fourteenth Amendment access to courts claim against Defendant Walker are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). It is further **ORDERED** that the plaintiff's Fourteenth Amendment access to courts claim against Defendant Walker is **REFERRED** to the magistrate judge for further proceedings.

---

[2] It appears from three institutional documents the plaintiff submits that prison officials gave him permission to use the law library in April 2012 and March, April, and May 2014. Doc. 12 at 11, 14-16. These documents do not indicate whether Defendant Walker refused the plaintiff access to the law library during these months. *Id*.

DONE this 6th day of October, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE